# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Sharon Young and
Paul Young,
    Plaintiffs,

v.                       Case No. 18-2411-JWL

Home Depot U.S.A., Inc. and
Linn Star Holdings a/k/a
Linn Star Transfer, Inc.,

    Defendants.

## **MEMORANDUM & ORDER**

  Plaintiffs filed a state court petition asserting claims of negligence and breach of implied warranty based on allegations that defendants improperly installed a dishwasher in plaintiffs' residence, causing damages in excess of $60,000. Plaintiffs also assert a violation of the Kansas Consumer Protection Act, K.S.A. 50-623 et seq., which authorizes civil penalties and permits an award of reasonable attorney fees. Defendant Linn Star Holdings a/k/a Linn Star Transfer, Inc. (hereinafter "Linn Star") timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In its removal papers, Linn Star contends that the case involves a controversy between citizens of different states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1) (a federal court has diversity jurisdiction in suits between citizens of different states where the amount in controversy exceeds $75,000).[1] This matter is

---

[1] Defendant Home Depot U.S.A., Inc. has consented to the removal of the case. *See* 28 U.S.C. § 1446(b)(2)(A)

presently before the court on plaintiffs' motion to remand (doc. 9). As set forth in more detail below, the motion is granted.

*Applicable Standard*

Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires a diversity of citizenship between the parties and "an amount in controversy in excess of $75,000, exclusive of interest and costs." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (quoting 28 U.S.C. § 1332(a)). Plaintiffs do not dispute that the parties are diverse in citizenship. In their motion to remand, plaintiffs contend that remand is required because Linn Star cannot establish that the amount in controversy is in excess of $75,000. As the proponent of federal jurisdiction here, Linn Star must prove, by a preponderance of the evidence, jurisdictional facts that make it "*possible* that $75,000" is "in play." *Id*. at 955 (emphasis in original). At that point, Linn Star is entitled to stay in federal court unless it is "legally certain" that the controversy is worth less than the jurisdictional minimum. *Id*. at 954 ("If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case.").

*Discussion*

In its removal papers, Linn Star asserts that the amount-in-controversy requirement is satisfied because, prior to removal, plaintiffs would not authorize their counsel to enter a stipulation offered by defendants in which plaintiffs were asked to stipulate that their damages (including economic loss, non-economic loss, statutory penalties and attorneys' fees) did not exceed $75,000. Linn Star contends that plaintiffs' refusal to authorize their counsel to enter the

stipulation indicates that the amount in controversy exceeds $75,000, particularly when coupled with language in the petition seeking damages in excess of $60,000 in addition to statutory penalties and attorneys' fees.

In their petition, plaintiffs specify the total amount of actual damages in the amount of $62,680.77 as follows: $5,528.00 for removal of damaged property; $8,610.50 for damage to personal property; $5,292.27 for alternate living expenses; "in excess of $1,000.00" for storage fees; and $42,250.00 for damage to plaintiffs' residence. To reach the requisite amount in controversy, Linn Star relies not only on plaintiffs' refusal to authorize their counsel to execute the stipulation but on plaintiffs' claim under the Kansas Consumer Protection Act. Linn Star highlights that the Act authorizes statutory penalties ranging from $10,000 to $20,000 per violation and permits an award of attorney fees. K.S.A. § 50-636(a) & (b). The Act, however, permits the recovery of a civil penalty or damages, which is greater. *Id*. § 50-634(b). In their complaint, plaintiffs specifically allege that they are seeking damages under the Act in lieu of statutory penalties. *See* Petition ¶ 45.[2] The court, then, will not consider the potential for statutory penalties in ascertaining the amount in controversy.

Plaintiffs, however, do seek an award of reasonable attorney fees as authorized by the Kansas Consumer Protection Act. As previously recognized by this court, the rule in this Circuit is that a claim for statutory attorney fees should be included in determining the amount in

---

[2] In the "Wherefore" paragraph at the end of plaintiffs' petition, plaintiffs refer generally to a judgment that includes "civil penalties." Based on the statutory framework of the Kansas Consumer Protection Act and the more specific allegation contained in paragraph 45 of the petition indicating an intent to seek damages instead of penalties, the court ignores this reference for purposes of ascertaining the amount in controversy.

3

controversy for purposes of diversity jurisdiction. *See In re Syngenta AG Mir 162 Corn Litig*., 2016 WL 5481997, at *5 (D. Kan. Sept. 29, 2016) (Lungstrum, J.) (citing *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218) (10th Cir. 2003)). Linn Star asserts in conclusory fashion that plaintiffs' attorneys' fees will likely push the amount in controversy over the jurisdictional threshold. But Linn Star has provided no specific facts, evidence or calculations tending to show that a fee award (that would necessarily be based solely on the Consumer Protection Act claim) might exceed $13,000 given the simple and straightforward facts alleged in the petition.

In such circumstances, where the amount in controversy at the time of removal is unclear, a court may consider a post-removal stipulation expressly limiting the amount in controversy to one less than the jurisdictional threshold. *See Shupe v. Asplundh Tree Expert Co*., 566 Fed. Appx. 476, 481 (6th Cir. 2014) (in determining amount in controversy for purposes of diversity jurisdiction, court may consider post-removal unequivocal stipulation clarifying rather than reducing the amount in controversy); *Marcel v. Pool Co*., 5 F.3d 81, 84-85 (5th Cir. 1993) (courts may consider post-removal stipulations that clarify a petition that previously left the jurisdictional question ambiguous; courts may not consider post-removal stipulations that seek to reduce the claims after jurisdiction has attached). While the Tenth Circuit has not squarely addressed the effectiveness of post-removal stipulations clarifying the amount in controversy, the Circuit has held that if the amount in controversy is not clear at the time of removal, then post-removal evidence may be used to determine that amount. *McPhail*, 529 F.3d at 956.

Here, plaintiffs, a few days after removal, executed Linn Star's proposed stipulation that their total claim for damages, including attorneys' fees, does not and will not at any time exceed

$75,000. This unequivocal stipulation clearly indicates that the requisite amount in controversy was not present at the time of removal and it serves to clarify an otherwise ambiguous removal petition. Based on the record before the court, then, Linn Star has not met its burden of proving jurisdictional facts that make it possible that more than $75,000 is in play. Remand is required. *See Youell v. Magellan Health Servs. of N.M., Inc.*, 2018 WL 344959, at *3 (D.N.M. Jan. 9, 2018) (post-removal stipulation may be considered if the amount in controversy is ambiguous and stipulation clarifies ambiguous amount); *Meyer v. Union Pacific Railroad Co.*, 2016 WL 4440452, at *1 (D. Kan. Aug. 23, 2016) (remanding case in light of post-removal stipulation that plaintiff was seeking less than $75,000 in damages); *Garcia v. Timberlake*, 2012 WL 13081216, at 3 (D.N.M. Jan. 5, 2012) (post-removal affidavit clarifying that amount in controversy did not exceed $75,000 established that jurisdiction was lacking at time of removal) (collecting cases).

Lastly, plaintiffs request costs and attorney fees under 28 U.S.C. § 1447(c), which provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Linn Star argues that the Court should not award costs and attorney fees because removal was done in good faith and was objectively reasonable. The United States Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Bearing this standard in mind, the court declines to award costs and fees for the removal. Given the ambiguity in the petition, and plaintiffs' initial refusal to authorize their

counsel to execute the stipulation, it was reasonable for Linn Star to argue that diversity jurisdiction existed. Despite Linn Star's failure to prove the requisite jurisdictional facts, Linn Star's removal was reasonable and appears to have been in good faith. The court concludes that an award of costs and attorneys' fees is not warranted under these circumstances.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to remand (doc. 9) is **granted.**

**IT IS FURTHER ORDERED THAT** this case is remanded to the District Court of Johnson County, Kansas.

**IT IS SO ORDERED.**

Dated this 1st day of November, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum<br>John W. Lungstrum<br>United States District Judge